OPINION
The instant appeal stems from two separate rulings of the Beulah Park Board of Stewards against Darrel J. Delahoussaye, a horse trainer. In Ruling No. 42, the Board of Stewards found that Mr. Delahoussaye had in his possession injectable drugs and an electrical instrument while on the grounds of Beulah Park Race Track. In Ruling No. 52, the Board of Stewards found that Mr. Delahoussaye had mistreated, abused or committed an act of cruelty to a horse and had used an electrical or mechanical instrument for the purpose of stimulating or affecting the speed of a horse. The rulings arose out of separate incidents.
Mr. Delahoussaye appealed both of the rulings of the Board of Stewards to the Ohio State Racing Commission ("commission"). Separate hearings were held before a hearing officer. The hearing officer issued two separate reports and recommendations on each ruling. As to Ruling No. 42, the hearing officer found Mr. Delahoussaye had in his possession a prohibited electrical instrument — a wooden stick with an electrical cord taped to it — that may be used to affect the speed or actions of a horse, in violation of Ohio Adm. Code 3769-8-07(A) and3769-2-26(A)(10). The hearing officer did not find that Mr. Delahoussaye was in violation of any rule prohibiting the possession of injectable drugs.
As to Ruling No. 52, the hearing officer found Mr. Delahoussaye had violated Ohio Adm. Code 3769-8-05 for using an electrical device on a horse for the purpose of stimulating or affecting the speed of such horse and that such conduct violated Ohio Adm. Code 3769-2-26(A)(9) and (10).[1]
Mr. Delahoussaye filed objections to each report and recommendation. On June 26, 2000, the commission held a joint hearing on the objections and heard the arguments of counsel. On June 30, 2000, the commission mailed its finding and order which adopted the hearing officer's reports and recommendations. For Ruling No. 52 [commission Case No. 1998-36(B)], Mr. Delahoussaye was fined $1,000 and was ruled ineligible for an Ohio license for one year. Mr. Delahoussaye's name was to be placed on the "stop list," and he was not to be re-licensed until he appeared before the commission upon application. For Ruling No. 42 [commission Case No. 1998-36(A)], Mr. Delahoussaye was fined $500 and was ruled ineligible for an Ohio license for 120 days, which was to run concurrently with the license penalty in Case No. 1998-36(B).
Mr. Delahoussaye filed two separate appeals to the Franklin County Court of Common Pleas. On September 20, 2000, Mr. Delahoussaye filed in each appeal a motion for a finding in his favor on the basis the commission record had not been certified as required under R.C. 119.12. The commission filed memoranda contra, stating that the records had been mistakenly filed as one case rather than separately for each proceeding. Mr. Delahoussaye replied, stating there was no evidence that any record was filed in either appeal.
On July 18, 2001, the common pleas court rendered a decision and judgment entry affirming the commission's order. The common pleas court had sua sponte consolidated the appeals from the commission. The common pleas court stated that it was in possession of both records, which had been time-stamped August 9, 2000, but which inexplicably did not appear on the computer. Because the case was outside the case management rules for reporting and to prevent further delay, the court indicated that it was deciding the appeals on the record before it. Apparently, the parties had not filed briefs due to Mr. Delahoussaye's belief that the commission record had not been certified. The court analyzed both appeals individually and determined that the commission's order was supported by reliable, probative and substantial evidence and was in accordance with law.
Mr. Delahoussaye (hereinafter "appellant") filed two notices of appeal to this court, and this court has consolidated the appeals. Appellant has set forth the following assignments of error:
 1. The court of common pleas abused its discretion by ordering consolidation of two appeals of orders of the Ohio State Racing Commission when there was no identity of issues between the two appeals.
 2. The court of common pleas abused its discretion in affirming the two appeals on the record, without appellant's opportunity to file a brief.
 3. The lower court erred in finding that the Order of the Ohio Racing Commission penalizing Darrel Delahoussaye for possession of an electric prod was supported by reliable, probative and substantial evidence and was in accordance with law.
 4. The lower court erred in finding that the Order of the Ohio Racing Commission penalizing Darrel Delahoussaye for violation of O.A.C. 3769-8-05 was supported by reliable, probative and substantial evidence and was in accordance with law.
Addressing the first assignment of error, we find no abuse of discretion by the common pleas court when it consolidated the two appeals for review by a single judge. Some of the proceedings before the commission were conducted in common. The parties were the same and the incidents were alleged to occur within a reasonably short time frame. Further, the commission issued overlapping penalties.
The first assignment of error is overruled.
The second assignment of error is sustained.
The official record before us is troubling in several respects. Counsel for appellant filed a timely appeal with the common pleas court. That appeal was filed on July 12, 2000. A return receipt indicates that certified mail service was received by the commission on July 20, 2000.
On September 20, 2000, counsel for appellant filed a motion asking for a finding on appellant's behalf because "as of Thursday, September 14, 2000, no record had been filed in this matter, nor had a request to extend filing of the record been granted."
Counsel for the commission filed a memorandum acknowledging that problems with the filing of the record had occurred, but stating that the complete record had in fact been filed in one of the two common pleas case numbers.
The common pleas court did not rule on the motion promptly.
Counsel for the commission filed a motion on October 19, 2000 asking for judgment on the record, alleging that appellant's counsel had not timely filed a brief. Appellant responded with a memorandum in which he alleged that no trace of the record could be found in the clerk's office as of October 12, 2000.
The next document in the record is a substitution of new counsel for the commission.
Following this, the next document in the record is a slip indicating that the record of proceedings had been signed out to "Rita." "Rita" is not officially identified in the record, but presumably is Rita Bash Eaton, who is a magistrate of the Franklin County Court of Common Pleas.
The next document in the record is a decision and judgment entry, journalized July 18, 2001, which joined the two appeals for consideration by a single judge. The entry notes that the records in the two cases are not reflected in the court's computerized records as having been filed by the staff of the then clerk of court.
Whoever drafted the judgment entry and decision has inserted findings which have no basis in the record before us. Such findings include:
 * * * Had counsel for Appellant come to the Clerk's office, the record would have been available to her.
 Despite the fact that the parties have not briefed the issues in this case, the Court finds that had they been more diligent about looking for the record, they would have found it and briefed the case at that time. * * * [Decision at 2.]
We have no reason to blame either counsel for the problems here. As best we can tell, the record was mishandled, at least insofar as recording its presence on the computerized record of the then clerk of courts. Then the record was misplaced for a period of time and reappeared, only to be shipped to a magistrate to work on it. The magistrate did not sign for the records herself, so apparently someone provided the files to her at an unknown location.
The record before us demonstrates that appellant's attorney took reasonable steps to obtain access to the record from the court or to discover one had been filed. Due to the record being unavailable from the clerk's office combined with a failure of the common pleas court to rule on the pending motions prior to its ruling on the merits, the common pleas court deprived appellant of a fair opportunity to file a brief. Since the determination was made on the record only, the error was not harmless.
Having sustained the second assignment of error and finding the common pleas court erred in failing to give the parties the opportunity to brief the issues, the third and fourth assignments of error are rendered moot.
In summary, the first assignment of error is overruled. The second assignment of error is sustained. The judgment of the common pleas court is reversed, and this cause is remanded to such court with instructions to allow the parties to file briefs and to conduct further appropriate proceedings.
Judgment reversed and cause remanded with instructions.
McCORMAC, J., concurs.
PETREE, J., concurs in judgment only.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Under Ohio Adm. Code 3769-2-26(A)(9) and (10), the commission may penalize a person who mistreats or engages in an act of cruelty to a horse, and/or who engages in conduct that is against the best interest of horse racing.